All rise.  Please be seated. Mr. Huntley, you can come forward. I've got some good news and some bad news for you, Mr. Huntley. I think we ought to entertain the argument today. We don't know, ultimately, what will happen. But the Supreme Court of the United States this morning granted Sir Charare in a case from the Third Circuit that presents the precise question that we're here to discuss. So I guess what I will represent to you that that is the case. It would seem to me, but I would certainly invite whatever you have to say about it, that because of that, we should probably, although entertain this argument this morning, nevertheless stay any decision pending the outcome of that case. Now it could be the Supreme Court could decide for whatever reason to read as having been granted, in which case we would then need to decide they could ... I wanted you to be aware of that before you came to the podium. Well, Judge, the only comment I have to that is the Third Circuit got it right. So your advice for the Supreme Court is affirmed. Yes, sir. Most assured. Good morning. I'd like to extend a special welcoming to Judge Pryor. I have known Judge Pryor since our days as Deputy Attorney General. I have seen him rise quite a bit. May it please the Court. He has charged the parties or the litigants in this situation with a specific topic, and I want to read that topic to you, which I'm sure all of you have read. Should the Court overrule its holding and reasoning in United States versus Everglades College, and in so doing, decide that the United States may not dismiss a key TAM suit under the False Claims Act under 31 U.S.C. Section 3730 C.2.A. without first intervening in the action? My response is unequivocally, unabashedly, categorically, that that case should be overruled. Now, what's the basis for saying that the case should be overruled? If you look at Everglades, and I present you all with a question, is Everglades an anomaly? Is it an aberration or is it an abomination? Those are the factors that you need to look at when you are assessing this particular claim. Now, just to give you a little bit about why do I say those three, use those three words as it relates to Everglades, because this is a case that's sorely different from any other case that's a key TAM action as it relates to dismissals. In this case, one of the major factors that jumped out, it was a trial. Not only was it a trial, but there was appeal, there was government intervention, it actually proceeded, there was an indicative ruling in it, which handed the case back to district court, and it was about a settlement that had been reached. Now, the question becomes, as I said before, whether or not that is the appropriate, if Everglades represents the appropriate remedy. Once again, categorically, I say it does not. Can I ask you just a quick question to kind of get us kicked off on the issues? So if we adopt your position that the government's got to intervene after the sealed period and it's got to move to intervene for good cause, what does good cause mean from your perspective? From my perspective, good cause can mean anything in this particular case. So could it mean simply that the government wants to dismiss the case? I think it's going to take a little bit more than that. I think there's got to be some logical reason other than the government coming up saying we want to dismiss the case, because as you know, in the DC circuit, there would be unfettered discretion and that would be the issue that would rule everything, that would throw the case out without any other consideration, but I think it requires a little bit more deliberation. A little bit more judicial intervention rather than just coming in and saying. The reason I ask, the reason I ask is that I worry that too starchy aversion or an understanding of good cause might run up against article two of the constitution that I think gives the executive branch prosecutorial quote unquote discretion to pursue or not to pursue. And I agree with you, that power is embedded in the executive branch, but there still requires the judiciary to conduct some kind of review as it relates to that power, as I stated earlier. The government, the executive branch has that authority, but when it has declined to do so, I guess the question is, does article two necessarily mean that the government can always do so for any reason at any time? Or after having declined to do so, can the court, which is entertaining an action Congress has allowed individuals to bring on behalf of the government, place limits on then what happens later? And I agree with the direction that the court is going in. I think that there are some grounds that would allow the court to examine, one, whether some fraudulent act had been committed and the government is trying to cover up this fraudulent act. Two, whether the action taken by the government is arbitrary. Three, whether it's capricious. And four, and I think the most significant is whether something is illegal. There's always the other grounds of race, religion that would curb the government's ability to step outside of that realm in order to accomplish whatever its purpose may be. But even when things are illegal in the criminal context, the government has the discretion to decide which cases to prosecute. It doesn't have the means to prosecute all of them. So how is it different in this context? Well, the False Claims Act, which I refer to as the FCA, is a very unique set of legislation. It's got a lot of remedies already built into it, and it can expand when it needs to and contract when it needs to, if it's done properly judicially. And like I said, the Third Circuit got it right. But that's exactly what this will allow, especially because the situation with the FCA is that it will allow the government to monitor this type of decision that was made in this particular case. You see, I don't read the statute that way. Good cause, the way I understand it, is we're coming up with an explanation for failing to file a motion to intervene within the first 60 days. Judge, this is why we didn't move to intervene within the first 60 days. Do you have another definition of good cause in the authority? I don't have a per se definition. Okay. This is just your view, what good cause means. You got to have a reason that maybe, you know, it may be in the interest of national security or the court or the case doesn't have any merit. That's not the way I read the statute. The thing about this statute, it's got some limitations on the government. It also provides some avenues for the relators in this case. And to answer your question, or at least try to get back to it, the 60-day rule. We don't really know in our case law what good cause really means, do we? I don't think it's clear anywhere from any circuit at any time, other than the D.C. circuit, which says unfettered. Well, let me ask you this question. There's a provision in the statute that permits the government to file a motion to stay discovery at any time, regardless of whether or not the government has moved to intervene. Government can, it seems odd that the government would be permitted to move to stay discovery after the 60-day period, but it can't file a motion to dismiss without a motion to intervene. And the statute sets forth, I believe, some specific grounds for which to do that in the event that the discovery is going to interfere with any criminal prosecution that's going on, in the event that there's some litigant that is abusing the discovery process. So you agree with me then that the government can move to stay discovery without filing a motion to intervene? I agree with you. At any time? I agree with you. If it's under those specific conditions, if those conditions exist, yes, the government can do that because they're trying to protect another element that requires the protection of the executive. And that's the only branch of the government that can do that. The statutory language for that section says if the government, whether or not the government proceeds with the action, right? So, I mean, it seems to me like that is differentiated from the part where we're talking about dismissal. Right? I mean, you would agree with that. I would agree. Dismissal is a special type of action that can be taken. And because it is such a special type of action, because it's going to end everything if the case is dismissed. The case is over and done with. So can we get back for a moment to the meaning of good cause? You had suggested four different things. And one of the things was that the conduct was illegal. And, and I was asking you, it seemed to me like whether the conduct was illegal, that the, you know, didn't necessarily, if the conduct was illegal, the government was not necessarily precluded from seeking to dismiss the case because in the criminal context, the government is not required to prosecute every criminal act. You know, it doesn't have the means. Sometimes there are reasons why it chooses not to do so, et cetera. And I was wondering, you know, if you could explain what is different about this context as to why, whether it is illegal, should be a governing consideration and why shouldn't it just simply be the articulation of some sense-making reason for why they want to dismiss it. In other words, here, for example, they gave four reasons. One of them was that it required, that it would affect foreign policy. I mean, why isn't that an appropriate consideration? Why isn't that good cause? I'm glad you brought that up. Foreign policy. And that was one of the justifications that the government gave for dismissing the action, which the district court judge found to be rational and reasonable. Well, that's what happened then. Now you've got to look and see what's happened since that time. Since that time. And one of the defendants in this case is Juan Hernandez. And since that case has happened, Mr. Hernandez has been prosecuted in the United States for drug trafficking. That's one of the reasons why these type cases don't need to be dismissed because of that illegality. And I think it's clear that the level of corruption in Honduras is almost second to none. It's probably one of the top countries as it relates to corruption. And I think those are the factors that need to be closely examined. And that comes under that category of illegal acts. And that's the situation that we find ourselves in now. And to give the government complete and total discretion on whether to dismiss the case, using some facade as the basis, saying that it's governmental relations. I don't know if we still want to have governmental relations. So therefore, if the government has not moved to intervene within the 60 day period of time that the statute grants them the authority to move to intervene and discovery later reveals that to proceed with the case will substantially impact national security. Your argument, as I understand it, is the government can't move to dismiss. I don't think they can move to dismiss. They can move to stay. I think they have the right and the ability to move to stay until that particular issue is clarified. This is an action brought by the United States against the United States. And if the case implicates national security, your argument is that the government can't move to dismiss. That would be my argument. A quick question, because I worry that we may be conflating two things. We're jumping in a discussion about what the meaning of good cause is, which is a trigger to intervention. We're all jumping to a standard that governs dismissal. Those two are not necessarily the same thing, right? The question here is whether the government has to move to intervene. And that standard, if we adopt your view, is good cause. So we can talk about that. Now the government's in the case. Now can they move to dismiss? And now you're talking about the standard that should govern the dismissal. Those two may be the same thing. But I think only on the suggestion that I made earlier, that the good cause is just the government saying, like, we want to move to dismiss. That's it. We don't have any better excuse. We just want to move to dismiss. Do you see the point that I'm making? Sir, I'm trying to fish in my very shallow mind a good response for that. I think that you have to go back to that 60-day period. The first time the government has an opportunity to intervene in the case without having to proceed with it. It's in that 60-day period, which they can use any kind of good cause to extend it and extend it again and again and again. Because we've had a case, one of the cases, I believe from the Seventh Circuit, where it was extended for a period of two years. If the government catches the case at that point, if they've done their investigation like they're supposed to do. Purpose, though, if the government wants to be in, to participate in the case, it's got to, it's got to move to intervene within the first 60 days. That's what the statute says, though. It says if the government wants to participate in the case, if it wants to proceed with the case, I think it uses the word proceed, then the government has to move to intervene within 60 days. But the statute doesn't say anything about the court, if the government wants to dismiss the case, that it's got to move to intervene within the first 60 days, does it? Well, Judge, I believe that C-A-2 covers that, and I think the language in it is crystal clear about what should happen as it relates to a dismissal. And of course, it's the first bite of the apple, the 60 days, and the second bite of the apple, which is the time period in which the government can move to intervene, and then they're required to proceed with the case. Okay. If there is another question, do you have one? Okay. Mr. Huntley, you've saved five minutes for rebuttal. Mr. Scarborough. Yes, sir. May it please the court, Charles Scarborough, Department of Justice for the United States. First of all, Chief Judge Pryor, thank you for notifying us of the Polanski cert grant. I was wondering about that, didn't have my electronic device, didn't know what was going on. Well, we thought of that and realized you probably didn't know. Yeah, well, we knew it was a possibility. It was relisted and we saw the conference for late last week. So just starting with that part, obviously it's within the court's discretion to stay the entire matter and wait for the Supreme Court to opine. That's going to take a while. This is teed up in this court. We don't get, the Supreme Court doesn't often do work for us. So, well, that seems to answer a little bit of the question right there. But assuming that you want to hear argument, I'd like to start with two standards being different. There's, there are two issues here. There's the standard for, you know, reviewing a government motion to dismiss, which now there is, depending on how you count, a three or four way split. We think the unfettered discretion standard in the DC Circuit is the appropriate one, but we think that there's really not much difference in practice because for the most part, the government has valid reasons. And even courts like the Sequoia Orange Court out of the Ninth Circuit say basically you just have to have to have a valid reason. And it just seems to me that it's a matter of common sense, though. You can't move to dismiss an action if you're not a party to it. Well, I think, you know, in normal civil procedure, that has some traction, but the False Claims Act, as co-counsel alluded to, is a very unusual statute. The Supreme Court recognized that. If I read this, this whole statute, it seems to contemplate that common sense understanding as well. Well, I mean, you know, if I could, if I could spin out. I mean, why talk about intervention at all, except that you need to intervene to be a party to the case. That's when you, that's when you can do what parties ordinarily do. So, again, I'd like to start with the Supreme Court's decision in Eisenstein, which was, of course, about whether in a declined QI-TAM case, you know, where the government is not a party, the question was whether, what time limits under FRAP 4 would apply, the ones that, for the longer time limits for the shorter time limits for private parties. And the Supreme Court said, look, when you're not in there, you are the real party in interest, but when you're not in there, you don't get the longer time, the relator doesn't get the longer time limits. However, in doing that, the Court, particularly in Footnote 2, recognized a number of things the government can do from the sidelines, if you will. It could, you know, veto prospective settlement without intervening. The Court was very explicit in Footnote 2 of that decision, saying this is something you can do even without intervening. So that's a response, Chief Judge. Is a motion to stay discovery one of those things that the Court can, or the government can do without filing a motion to intervene? That's, yes, that's one of the many things. And I think the important thing is, again, Judge Newsom, you made this point earlier, is you're operating against the backdrop of a statute that is designed to get recovery for the government. It's a suit brought in the government's name. The government, even if it hasn't intervened, is going to get the lion's At most, or at least, the government is going to get 70% of any recovery. It has a lot of rights from the sidelines. So, Chief Judge Pryor, back to your point. In a normal case, yes, it's a little bit weird for a non-party, not formally a party, to have rights, but the statute is replete with all sorts of rights. And the question is whether C2A is one of those rights. I mean, how burdensome is it for the government to move to intervene if it wants to dismiss, as a practical matter? If you're going to move to dismiss and you think that the D.C. standard is the right one, unfettered discretion, what's the difficulty of filing a summary two-page motion to intervene saying we want to intervene because we've got unfettered discretion and we want to come in and we want to dismiss the suit, how are you hurt by that standard? So, if the good cause standard for intervention is construed the way the Third and Seventh Circuits have thus far construed it, in other words, good cause is shown merely by saying, look, we want to shut this case down, it is not that burdensome, Judge Jordan. It's, it's, it's, it's, it's not. The better answer to your question, that in this case the government did move to intervene? The government asked, so the district court raised this issue. The Everglades was controlling authority. The government said, we don't think we need to intervene under Everglades and under the best reading of the statute. But they requested explicitly below to have it treated. I'm looking at a transcript. It says, Mr. Major says, Your Honor, if it would solve the point, we would ask that our motion be considered as a request to intervene for good cause for the purpose of intervening. And so the government did file a motion to intervene along with the motion to dismiss in this case. It's just that the court didn't treat the motion to dismiss as also a motion to intervene. It could have, absolutely, Your Honor. And, and I didn't mean to split hairs there. We didn't file a motion. Counsel, I believe that was a part of the hearing transcript, asked that it be treated as a motion to intervene. But back to your question, Judge Jordan. No, as a practical matter, I think we would agree with those courts, the Swift Court and the Boers O'Leary Court in the First Circuit that say, this question is largely academic, but it is important that the good cause standard not be something that is an independent barrier, an independent way of preventing the government from getting in the case for purposes of dismissing. So it's really important that good cause essentially be satisfied any time the government wants to come in and give its reasons and say, look, this is why we want to get rid of the case. Mr. Scarborough. Yes. I suppose on another point, suppose the government moves to dismiss, but does not move to intervene and the court denies the motion, where does the government go for help? So that very thing happened in the Seventh Circuit case. The government took an appeal in that case, a collateral order appeal, and it also happened in a Ninth Circuit case called Thrower, which hasn't been as heavily briefed. Do you think the Cohen doctrine applies simply to a motion, or does it apply to a motion that is denied after the in connection with an intervention? No, we argued in the Seventh Circuit that it applied to the denial of the motion to dismiss. It's a flat motion with no motion for leave to intervene, just as a non-party. As a non-party, you can have a collateral review under Cohen, under 1291. That's the argument that we made in the Seventh Circuit, and the Seventh Circuit thought that was a hard question. And part of the reason why the Seventh Circuit said, we're going to treat you as having de facto moved to intervene, was they thought it was a way of solving the collateral problem. Suppose you don't treat it as de facto intervention. The Cohen doctrine wouldn't apply, would it? Well, again, we do think that it would. It would. We think it would, and that's a motion. No, to the denial. We can appeal the district court's denial of the motion to dismiss, not to the naked motion, to the court acting on it, and basically refusing to let the government shut down an action brought in its own way. Can I ask you a question regarding, I can't remember now, I think it was Judge Wilson who asked this question about discovery. When you read the statute, it specifically talks about the government can move to stay discovery, but you, the government, is in essence a de facto motion to intervene because there still has to be an in-camera review by the district court showing that, in fact, you are pursuing an investigation or a discovery would interfere with that. I don't know that the need for an in-camera review or some sort of showing from the government makes the government a party here in the formal sense of intervening. I don't want to quarrel with you on, like, the government certainly has to make some showing in order to shut down. It's not sufficient. You can't just file a motion to stay discovery. There has to be something more that you have to show. There has to be a showing, sure, and there has to be a showing again for the motion to dismiss, which is, again, that's the key power, you know, that some courts have found is actually important to the Constitution. I don't know about that. I don't know why there has to be a showing for the motion to dismiss. It seems to me that if you have to intervene and you have to show good cause for an extension, there's a showing associated with that, but once you're a party to the action, I don't see where the limitation is on the dismissal. Well, I may be confusing things. I'm postulating a situation in which we are not required to intervene. In other words, where our position is. Well, let's assume you did. Okay. So you're in the case and you want to shut the case. The government wants to shut the case down. Again, we think there's, they're competing standards. We think that all the standards have recognized substantial discretion on the theory that this is akin to prosecutorial discretion. This is the government deciding that this case is contrary to the government's interests for reasons of burden, for reasons of foreign policy, national security, any one of a number of reasons. And the courts in various ways have all agreed that the government is entitled to substantial discretion. But the government, I mean, the government presumably couldn't shut a prosecution down and announce that it's shutting a prosecution down because the defendant is white. That's correct, Your Honor. And all the, all the courts have. Fetter, no matter what the DC says, it's not unfettered. So anything that's not an illegal reason. So I agree with that. And the DC circuit, even in the course of saying unfettered discretion, recognizes an exception for fraud on the court, which would presumably apply to a situation where the government said we want to shut it down for this reason, but really it's a nefarious reason over here. How does that apply to Rule 41? Well, so Rule 41, again, that's the one that's in the case. So in other words, under the hypothetical that the Chief asked you, you're in the case. Yes. It's a civil case. I think we all agree with that. Yes. Presumably the rules of civil procedure would apply. The Seventh Circuit seems to suggest that once the, someone answers and you're past the point of no return, in other words, you're past the point that you can do it for whatever reason with notice, without court intervention, there's some showing that has to be made under Rule 41. Right. So, yes, both the Seventh Circuit and the Third Circuit. I'm sorry, Chief Judge Pryor, if I didn't understand your question. It's all right. Judge Luck did. Well, he did. So we're in the case, and the Rule 41 standard is pretty clear. If there's no pleadings have been filed, it's just the government just gets to do it just right away. If there has been an answer. Counsel, you can't do that. Sorry? Because D-2A says you have to file a motion, and 41A1 does not call for a motion. It calls for a notice. And it's self-executing. So how can you reconcile that with the requirement under 2A that there be a motion and the court hold a hearing? You may have overstated, Judge Joflat, but I'm referring to the sort of the baseline Federal rule civil procedure on 41. I agree with what Judge Luck said. Now, if they filed a motion, then you're under A2, where the court entertains the motion and can impose conditions. Under 41. Under A2. Yes. If you're passed where responsive pleadings have been decided. Where you're not filing a notice, you're left with a motion. So I'm trying to answer it with respect to Rule 41. The standard is only on terms that the court considers proper. It's the standard from the rule. I agree with you, Judge Joflat, that C-2A has other procedural requirements. There needs to be notice and an opportunity for hearing, and it refers to a motion. I agree with all of those things. And it calls for a motion and not a notice. It calls, yes. Yeah, because it uses the word motion twice in the A. Yes. Okay. Yes, I'm not disagreeing with any of that. I think Judge Joflat's point, and it's one worth thinking about, is Rule 41 is not a perfect fit for that reason. I mean, because Rule 41 does require notice without any court intervention at the point before responsive pleadings, and yet Judge Joflat's exactly right that a motion is required under the statute. And so there's not — there's a bit of a disconnect between the statute and the rule here. I 100 percent agree with you. And that's — I mean, we have never advocated for the Rule 41 standard. We can live with the Rule 41 standard, as we made clear in our brief in opposition to cert in Polanski. We can live with all of the standards as they have been articulated because they all have appropriate deference to the government. So in some respects, the disagreement here — this is why we urged the court not to take cert — is that, you know, we — as a practical matter, this is not hindering the government. And again, the important point is that even intervention — and, Judge Jordan, you made this point earlier — even intervention would not hinder the government so long as the good cause requirement isn't given teeth as a sort of independent impediment to the government getting in. Good cause should be satisfied if the government was — A related question? Yes. A, whatever it means, certainly envisages there being motion practice. Yes. Right? Yes. But it provides no substantive content for figuring out how the court is to rule on the motions. So your answer is what? If a district court — government says — okay? Government says, listen, there are reasons for shutting this down. This is a military contractor. We're in — we're at the edge of a military confrontation overseas. We can't have that military contractor being shut down. We want to dismiss. The relative comes in, provides all sorts of contrary reasons, policy-based, too, as to why the case shouldn't be dismissed. Right? Sure. Patent flat-out fraud. They stole hundreds of millions of dollars from the government. Well, they haven't paid anything back, so forth and so on. What's the district court to do in figuring out whether to grant or deny? Generally speaking, the district court should defer. And I think even the Ninth Circuit, which I think everyone agrees is the — Defer if you provide a reason. Yeah, provide — again — You can't just — you can't just say, we move to dismiss, grant it. That's correct. And again, the — So you have to provide what? Rational basis? Well, that's the standard as articulated in Sequoyah-Orange, the Ninth and Tenth Circuit standard. The D.C. Circuit would require less. No, no, but I'm asking you what you think the right standard is. But we think that the most permissive standard articulated by the D.C. Circuit and largely adopted by the First Circuit in the recent Borzellari decision is the appropriate one. And it's primarily for this reason, Judge Jordan. It's the absence of the standard in C-2A as compared to the standard for determining whether a settlement is, quote, fair, adequate and reasonable. There's a very, you know, significant standard in the statute. The absence of a standard in C-2A needs to be given effect. But either way — either way, a court is forced to create a common law standard, whatever it may be, to fill in the gap of silence. Well, that's what's — that's why there's a split. And the courts are coming up with various ways of dealing with this. And, you know, the most — Right, because even the standard you provide is a gap filler. Yes. Right? It provides — Yes. — some meaning to what the standard is. Yes. It could be this or it could be that, but — Yes. It gives some meaning to the hearing requirement. That's been the focus of the courts. But, again, all of the standards provide substantial deference. And I want to emphasize that even under the Sequoyah-Orange standard, the most demanding standard, Sequoyah-Orange itself recognized the government could shut down a suit that might have merit. It's just — they were later basically saying, I could recover billions of dollars on behalf of the government. That's not enough, as a contrary reason. If the government, you know, wants to choose its vehicle, the government — it doesn't have to be something as weighty as a national security concern. It can be, this is going to be really, really burdensome. The agency doesn't believe it was defrauded. That's precisely the sort of case the government should be shutting down, because these are very expensive pieces of litigation for defendants, for the government, for everybody. And the government gets to pick and choose which cases it wants to have litigated in its name. So it's your position — this goes back to the good cause standard for intervening. But is it your position that as long as we read good cause consistent with the take-care clause, consistent with the Article 2 concerns that Judge Newsom did, that Judge Newsom articulated, that whatever standard that is, is fine for the government? Is that the government's position? I mean, because it's hard to know what that means, consistent with the take-care clause. I think that's an important background tool that you've got to be concerned with here. Yes. But if a — if a standard that was articulated was inconsistent with the executive's authority to dismiss a suit under the take-care clause, then that would be unconstitutional. Yes. So I guess my question is, are any of the four tests that you've articulated — and again, I'm only applying to the intervention standard, not to the dismissal standard — but into the intervention standard, any of the tests that have been articulated, do any of those run afoul of the take-care clause as you understand them? So I don't — I don't mean to be evasive, but I really want to disentangle those two things. The good cause is for intervening.  And so I guess — That's all I'm talking about. And so those are not four different standards. I think good cause is a sort of flexible, capacious concept. And the two courts that have said we have to intervene have said — both the Third and the Seventh Circuit have said, look, you have to intervene, and you've got to show good cause because you're doing it late. But good cause is shown when you want to move to dismiss. In other words, that is sufficient by itself in that context. So I don't think the court has to define what good cause means sort of in the abstract, which is a very difficult thing to do. I think the reason that I'm a little bit confused and that I might have confused everybody in the doing is that in your — in your brief, you say — and I think I've got this quote right — by establishing that dismissal is warranted, the United States also necessarily establishes that it has good cause to intervene. Right. That's different from saying we establish good cause to intervene when we say we want to dismiss. Now let's talk about the standard for dismissal. I think those two things are different. You mean to say the second, not the first? So I think that what matters is that there is not an independent barrier. Intervention doesn't become an independent barrier. The courts are going to choose whatever the dismissal standard is. Yeah, so the real work gets — the real work gets done at dismissal. And so for intervention purposes, you just say, I'm the government. I want to intervene. That's good cause. That's right. But now let's do the hard work of figuring out whether or not you've met your dismissal standard. That's correct. But really — But you have to actually say something more than I want to intervene. You might have to — maybe I want to intervene because I want to dismiss might well be good cause. But I want to intervene in and of itself doesn't seem to me to necessarily satisfy good cause because what if you want to continue the action? Right. Oh, I totally agree, Your Honor. And actually, I mean, I've been assuming all along that we're talking about purposes of dismissing. Yeah, and that's all I meant. I'm sorry to have confused things again. Well, I don't know whether I'm confusing or you're confusing it. But the point is that there shouldn't be an independent barrier because you're operating against the backdrop of important Article 2 concerns. And that whatever the dismissal standard is and whether or not, you know, the government has to intervene before doing it — We just — we have case law on good cause generally in excusing — Yes. — extending extensions, excusing deadlines. It generally requires more than that. So, I mean, what you're asking us is to read — or you're asking the courts — is to read the good cause standard, which applies in lots of other contexts, maybe a little more broadly in this one. Is that fair? I — and I think the reason for that, Judge Locke, I think that may be fair is because of the context here, that you're operating against the backdrop of these Article 2 concerns and that if the government thinks it wants to dismiss the case, it's a case brought in its own name, it wants to shut it down, that is pretty much inherently going to be good cause to get in the case to make that motion. Okay. To make sure — one final thing. To make sure I've got your position right, whatever we decide or the Supreme Court decides, your general view is that 2a and 2b, in terms of what the government has to do or doesn't have to do, have to be read the same. That's right. And that's consistent with everything. It's dismiss or settle. Yes. Whatever the requirement is, it applies to both because — Right. They're both in 2. Yeah. And they both require some sort of motion practice and opportunity to be heard. And then the court renders a ruling on dismissal or settlement, even though the settlement standard has the fair and reasonable language. So I want to make sure I'm answering the question accurately. We agree that for purposes of intervention, those two go hand in hand. Correct. We do not agree that the standards are the same. That's not what I meant. Okay, I wanted to make sure. I meant the former. Okay, yes. So you think those are the same for intervention purposes? Right, and I think that's what Everglades held, and we think that intervention is not required for either one, primarily because there is no prefatory clause in C-2, which gives a whole package of rights, things the government can do, that says if the government intervenes. And the absence of that language has to be given effect. All right, thank you. Thank you. Thank you, Mr. Scarborough. Mr. Huntley, you've saved five minutes. As it relates to the issue of intervention, I'd like to read something to the court. Although the United States is aware of and minimally involved in every FCA action, it is not a party thereto unless it has brought the action or exercised its statutory right to intervene in the case. That's from Eisenstein. I think that sets the standard as it relates to intervention and what the government is required to do. But that's only if the government wants to participate in the continuation of the case, though. Yes, I agree, if they make that selection. But the question is, when do they make that selection? During that 60-day period? Or do they do it after that, which is their second bite of the apple, which the statute says, don't do it, just dismiss. You got to do it with the intent to proceed. And I think that's been crystal clear that the government didn't want to proceed, particularly in our case, because of the foregone reasons and justifications that they provided in the responses in the district court. Well, we're just reading the statute differently. We're reading the statute differently because it says the government has to do that if it wants to proceed with the case. In other words, if it wants to participate in the case. But it doesn't say anything, that statute doesn't say anything about you got to intervene first if you want to dismiss the case. The statute is just, I guess that's why we're here. It doesn't say anything about that. Why does the statute use the word proceed? Well, if the dismissal is the issue, the dismissal doesn't happen automatically. The government has to file a motion, does it not? And there has to be an opportunity to be heard on the part of the relator. There's going to be some proceeding, even for a dismissal. Isn't that right? That would be correct, Your Honor. Does that proceeding with the case, if I say I'm going to proceed with the case, would you assume that I meant I was going to dismiss the case? I think that that dismissal would not be the proper procedure to follow at that point based on proceeding with the case. I think there are a number of cases that says you have to enter with the intent to proceed, which means you pursue the litigation. But I agree. So I'm looking at subsection B, B for A and B. And it says that within the 60-day period, the government has two choices. It can proceed with the action or it can decline to take over the action. Doesn't that suggest that proceed with the action just means take over the action? And if you've just taken over the action, you can do any old thing you want to with it. You can proceed all the way to judgment. You can dismiss it. You can do whatever. You're in charge. And I agree with that. But they have to take those procedural steps to get to that point because the government could say, okay, we're going to proceed with it and take one deposition and say, that's the end of the case. We're going to move to dismiss. But they have answered in response to proceeding with the case, even though they may not stay in the case very long. The case may not last long. In subsection C, and if we look at one and two together, which I think we must because C1 says subject to the limitations set forth in paragraph two. Subsection C says if the government proceeds with the action and 2A says the government may dismiss the action. So why isn't intervening to dismiss the action consistent with what Congress contemplated when it said in C1 if the government proceeds with the action and then in C2 the government may dismiss the action? Sometimes it's difficult to explain inconsistencies. I think this may be an inconsistency that may need some greater clarification. I think you may be fighting questions that you don't need to fight. I don't think that Judge Rosenbaum is pointing out an inconsistency. I think she's saying effectively the same thing that I did, and frankly, I think it's good for you. I think it's good for you that proceed with the action just means take over the action and in C1 proceed can mean dismiss. Once you intervene, you've proceeded, you've taken over, you can do whatever you want to with it. I agree 100% with that. I think we understand your case, Mr. Huntley, and we are adjourned for today. Thank you. Thank you. All rise. Order.   Order.